[No. 11846.   Department Two. — October 29, 1887.]

JOSÉ ARNAZ RESPONDENT, v. CHARLES GASSEN, APPELLANT.

CONVERSION — EVIDENCE — FINDINGS. — In an action to recover damages for the conversion of certain cattle, the evidence reviewed, and *held*, to support the findings in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of the county of Los Angeles, and from an order refusing a new trial.

The facts are stated in the opinion.

*Wells, Van Dyke & Lee,* and *H. T. Gage,* for Appellant.

*Howard & Scott,* for Respondent.

BELCHER, C. C.— This is an appeal from a judgment in favor of plaintiff, and from an order denying the defendant's motion for a new trial.

The action was brought to recover damages for the alleged conversion of certain cattle. The court found

that defendant had wrongfully converted to his own use twenty-five head of cattle which were the property of plaintiff, and of the value of four hundred and fifty dollars.

The appellant insists that the findings were not justified by the evidence; but we think they were. It was proved that in the month of September, 1884, thirty-two head of cattle, consisting of cows, heifers, and steers, were missed from plaintiff's herd, twenty-five of them being his, four his daughter's, and three belonging to other parties. The plaintiff had not sold any cattle for a year. Diligent search was made for the lost animals, but they were never found. The defendant was engaged in the business of buying and slaughtering cattle, but he kept no book in which he entered the marks or brands of the cattle slaughtered. Between the 9th and 13th of October, the plaintiff went, with the man who had charge of his stock, to the defendant's slaughter-house, and there found, as he estimated the number, about sixty ears of animals which had his mark upon them, and also three or four hides which were marked with his brand. While he was examining the hides, a man came out who said he was in charge of the slaughter-house and forbade any further examination. The cattle were supposed to have been stolen, and shortly after they were missed one of the witnesses, who was employed to inquire into the matter and see if he could find out anything about them, asked the defendant if he had bought from certain parties any cattle belonging to the plaintiff, and his reply was: " I buy cattle and pay for them, and I don't ask any questions." The witness further said to him: " You bought cattle from these two young boys? " and the reply was: " I bought cattle; I don't know who I bought them from. I paid for them." The defendant was called as a witness, and testified in his own behalf. He did not deny that he had received the plaintiff's cattle, nor that the slaughter-house referred to was his, nor that the

marked ears and hides were found there, as testified by plaintiff. On the contrary, he admitted that he bought some twenty odd head of mixed cattle, and in reference to them on his cross-examination said: " I don't know anything about what marks these cattle had on them, or brands either; I did not examine the brands; there are so many brands. I do not look for ear-marks. I do not know anybody's ear-mark or anybody's brand in the county." The defendant claimed that he paid the full value of all the cattle he received, and seems to have thought if he did that he was not liable.

Upon these facts, — and they were uncontradicted, — it is difficult to see how the court could have come to any other conclusion than that shown by its findings.

It is further insisted that the court erred in overruling objections made by counsel for defendant to certain questions put to witnesses for plaintiff, and in refusing to strike out the answers of the witnesses when given. We are unable to see that the defendant was, or could have been, prejudiced by any of the rulings complained of. It is unnecessary to speak of them separately. Some of the objections were frivolous, and all of them, in our opinion, were properly overruled.

It follows that the judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.